NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
MIRI SONG (Cal. Bar No. 291140)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2262
     Facsimile: (213) 894-0141
     E-mail:    miri.song@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 19-00050-CJC |
| Plaintiff, | GOVERNMENT'S TRIAL MEMORANDUM |
| v. | Trial Date: March 13, 2019<br>Time:       8:30 a.m. |
| ADAU AKUI ATEM MORNYANG, | Location:   Courtroom of the<br>            Hon. Cormac J. |
| Defendant. | Carney |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney MiRi Song, hereby submits to the Court the government's Trial Memorandum.

//

//

//

//

//

//

The government respectfully requests leave to file additional memoranda as may become appropriate before or during the course of trial.

Dated: March 8, 2019

Respectfully submitted,

NICOLA T. HANNA
United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

　　　/s/
MIRI SONG
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**TRIAL MEMORANDUM**

**I.   INTRODUCTION**

Defendant ADAU AKUI ATEM MORNYANG ("defendant") will soon stand trial for interference with flight crew members and attendants and assault by striking, beating, or wounding.  To prove these charges, the government intends to present testimony from three witness, including the two victims the defendant assaulted as well as a witness to one of the assaults.

**II.  STATUS OF THE CASE**

   **A.   Indictment**

On January 29, 2019, the grand jury returned a three-count indictment charging defendant with one count of interference with flight crew members and attendants, in violation of 49 U.S.C. § 46504, and two counts of assault by striking, beating, or wounding, in violation of 18 U.S.C. § 113(a)(4) and 49 U.S.C. § 46506.

   **B.   Discovery**

The government has produced approximately 296 pages of discovery to defense counsel, including incident reports, photographs, and audio recordings.  While the government has requested reciprocal discovery, to date, defense counsel has not produced any.

   **C.   Trial**

Trial Date:  A jury trial is currently scheduled for March 13, 2019, at 8:30 a.m., before the Honorable Cormac J. Carney, United States District Judge.

Estimated time:  The estimated time for the government's case-in-chief is one day.  The government anticipates calling three witnesses in its case-in-chief: (1) Federal Air Marshal ("FAM") Jeffrey Bolanowski (referred to in the indictment as "J.B"); (2)

Romeo Gutierrez (referred to in the indictment as "R.G."); and (3) FAM Jason Jay.  The government anticipates seeking to admit approximately two exhibits in its case-in-chief.

<u>Defendant</u>:  Defendant is released on bond pending trial.

**D.   Pretrial Motions**

The government filed a motion <u>in limine</u> that seeks to preclude the following based on lack of relevance, unfair prejudice, and hearsay:

1.   Statements, arguments, or introduction of evidence about any prior sexual assault, status as a refugee, depression, and any post-traumatic stress disorder, including, but not limited to, any testimony and/or reports by defense witness, Dr. Juliette Boewe;

2.   Statements, arguments, or introduction of evidence concerning any defenses of which defendant was obligated to timely inform the government, including a defense premised on diminished capacity, self-defense, or intoxication;

3.   Defendant's prior out-of-court statements; and

4.   Statements, arguments, or introduction of evidence that are designed to invoke the sympathy of the jury.

**E.   Jury Instructions**

The parties intend to file joint proposed substantive jury instructions by March 8, 2019.

**III. THE CHARGED OFFENSE**

**A.   Governing Statutes**

Title 49, United States Code, Section 46504 provides, in pertinent part, that "[a]n individual on an aircraft in the special aircraft jurisdiction of the United States who, by assaulting or intimidating a flight crew member or flight attendant of the

aircraft, interferes with the performance of the duties of the member or attendant or lessens the ability of the member or attendant to perform those duties, or attempts or conspires to do such an act, shall be fined under title 18, imprisoned for not more than 20 years, or both."

Title 18, United States Code, Section 113(a)(4) provides, in pertinent part, that "[w]hoever, within the special maritime jurisdiction of the United States, is guilty of an assault shall be punished as follows: . . . (4) Assault by striking, beating or wounding, by a fine under this title or imprisonment for not more than 1 year, or both."

**B.    Elements of Violation of 49 U.S.C. § 46504**

The elements of a violation of 49 U.S.C. § 46504, as charged in Count One, are:

First, the defendant was an individual on an aircraft in the special aircraft jurisdiction of the United States;

Second, the defendant assaulted or intimidated a flight crew member or flight attendant of the aircraft; and

Third, by assaulting or intimidating a flight crew member or flight attendant of the aircraft, defendant interfered with the performance of the duties of the member or attendant or lessened the ability of the member or attendant to perform those duties.
49 U.S.C. § 46504.

**C.    Elements of Violation of 18 U.S.C. § 113(a)(4)**

The elements of a violation of 18 U.S.C. § 113(a)(4), as charged in Counts Two and Three, are:

First, the defendant assaulted R.G./J.B. by striking, beating, or wounding him;

3

Second, this forcible action involved actual physical contact with R.G./J.B.; and

Third, the assault took place on an aircraft in the special aircraft jurisdiction of the United States.

18 U.S.C. § 113(a)(4); 49 U.S.C. § 46506; see also Ninth Circuit Model Criminal Jury Instruction No. 8.9 [Assault Resulting in Serious Bodily Injury] (2010 ed.).

### D. Special Aircraft Jurisdiction

"Special aircraft jurisdiction of the United States" includes an aircraft outside the United States that has its next scheduled destination or last place of departure in the United States, if the aircraft next lands in the United States. See 49 U.S.C. § 46501(2).

### E. Aircraft in Flight

An "aircraft in flight" includes an aircraft from the moment all external doors are closed following boarding through the moment when one external door is opened to allow passengers to leave the aircraft. See § 49 U.S.C. § 46501(1)

## IV. STATEMENT OF FACTS

The government expects that the evidence at trial will establish the following facts, among others:

On January 21, 2019, defendant appeared intoxicated and was verbally and physically abusive to personnel and other passengers aboard a United Airline flight from Melbourne, Australia to Los Angeles, California. Several hours into the flight, passengers approached flight attendant Romeo Gutierrez to complain about defendant's disruptive behavior, which included yelling obscenities and racial slurs and flailing her arms. When Mr. Gutierrez approached defendant to assess the situation, she began to shout at

4

him and slapped him across his face. When she continued to be aggressive toward him, he tried to hold down her arms until federal air marshals on board could assist.

Federal air marshals stayed with defendant at the rear galley of the plane, where the flight attendants prepared for services, throughout the remainder of the trip. When defendant was allowed to use the bathroom at one point, she remained there for several minutes until she had to be carried out. During this time, she struggled with the federal air marshals and kicked federal air marshal Jeffrey Bolanowski in the chest. Defendant continued to yell racial slurs and obscenities for the remaining five hours or so of the flight.

**V.    LEGAL AND EVIDENTIARY ISSUES**

**A.    Lay Opinions of Law Enforcement Witnesses**

The three witnesses the government intends to call may testify about the defendant's appearance and conduct on January 21, 2019, including their opinion and impression of what they observed. Federal Rule of Evidence 701 "permits a lay witness to give opinion testimony as long as the opinion is (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness's testimony or the determination of a fact in issue." United States v. Pino-Noriega, 189 F.3d 1089, 1097 (9th Cir. 1999) (quotation marks omitted). Under Ninth Circuit law, opinion testimony by law enforcement officers is admissible and not necessarily expert testimony within the meaning of Rule 16(a)(1)(G). See United States v. VonWillie, 59 F.3d 922, 929 (9th Cir. 1995). As the Ninth Circuit has explained, law enforcement officers' opinion testimony:

5

> [I]s a means of conveying to the jury what the witness has seen or heard. . . . Because it is sometimes difficult to describe the mental or physical condition of a person, his character or reputation, the emotions manifest by his acts; speed of a moving object or other things that arise in a day to day observation of lay witnesses; things that are of common occurrence and observation, such as size, heights, odors, flavors, color, heat, and so on; witnesses may relate their opinions or conclusions of what they observed.

United States v. Skeet, 665 F.2d 983, 985 (9th Cir. 1982); see also United States v. Gadson, 763 F.3d 1189, 1209 (9th Cir. 2014) ("[A]n investigator who has accumulated months or even years of experience with the events, places, and individuals involved in an investigation necessarily draws on that knowledge when testifying; indeed, it is those out-of-court experiences that make the witness's testimony helpful to the jury."). The opinion testimony of the FAMs who were involved in the altercation on January 21, 2019, will be helpful to the jury, and their opinions do not require expert knowledge. See e.g., United States v. Nelson, 285 F. App'x 491, 493–94 (9th Cir. 2008) ("The officers were in the unique position of observing both the manner in which the vehicle was driven prior to the stop and the precise location and position in which the gun was discovered, and their opinions did not require scientific, technical or other specialized knowledge.").

   **B.   Photographic Evidence**

The government intends to introduce into evidence a photograph or layout of the airplane. Such evidence should be admitted so long as it fairly and accurately represents the event or object in question. United States v. Oaxaca, 569 F.2d 518, 525 (9th Cir. 1978).

**C.   Audio Recordings**

The government intends to introduce into evidence clips of audio recordings of the defendant's statements while on the aircraft on January 21, 2019.  The foundation that must be laid for the introduction into evidence of such recordings is a matter largely within the discretion of the trial court.  There is no rigid set of foundational requirements.  The Ninth Circuit held that recordings

> are sufficiently authenticated under Fed. R. Evid. 901(a) if "sufficient proof has been introduced so that a reasonable juror could find in favor of authenticity or identification." [Citing cases.] This is done by proving a connection between the evidence and the party against whom the evidence is admitted, and can be done by both direct and circumstantial evidence.

United States v. Matta-Ballesteros, 71 F.3d 754, 768 (9th Cir. 1995), modified, 98 F.3d 1100 (9th Cir. 1996).  Indeed, Fed. R. Evid. 901 requires only that the United States make "a prima facie showing of authenticity so that a reasonable juror could find in favor of authenticity or identification," and the "probative force of the evidence offered is, ultimately, an issue for the jury."  United States v. Blackwood, 878 F.2d 1200, 1202 (9th Cir. 1989).

The government will call FAM Jason Jay to authenticate the recordings as thehey observed the event that was recorded and can confirm the recording's accuracy.  See Fed. R. Evid. Rule 901(b) (a party may authenticate evidence through "[t]estimony [of a witness with knowledge] that a matter is what it is claimed to be").  This type of testimony is routinely offered during trial to lay the foundation for the authenticity and admissibility of such recordings.  This foundational testimony is "sufficient proof" under Rule 901 for a reasonable juror to "find in favor" of authenticity or

7

identification because it provides the jury with the facts necessary to determine how the recordings were made, how the recordings are stored and protected, and whether the recordings portray what the government purports they represent.

### D. Defendant's Statements

Rule 801(c) of the Federal Rules of Evidence defines "hearsay" as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). Statements by a party opponent are admissible non-hearsay, as are statements which are not being admitted for the truth of the matter asserted but rather to show the effect on the person who heard the statement. Fed. R. Evid. 801(c), 801(d)(2)(A); see also United States v. Valerio, 441 F.3d 837, 844 (9th Cir. 2006) (informant's statements on a recording are admissible to give context to defendant's statements). Defendant's statements are not hearsay, because she is a party opponent. The government reserves the right to use defendant's inculpatory statements for impeachment purposes if she chooses to take the stand.

### E. Scope of Cross-Examination of the Defendant

If the defendant testifies at trial, she waives her right against self-incrimination, and the government will cross-examine her on all matters reasonably related to the subject matter of her testimony. See, e.g., Fitzpatrick v. United States, 178 U.S. 304 (1971) ("The defendant cannot assert a self-incrimination privilege 'on matters reasonably related to the subject matter of his cross-examination.'"); United States v. Black, 767 F.2d 1334, 1341 (9th Cir. 1985) ("What the defendant actually discusses on direct does not

determine the extent of permissible cross-examination . . . the inquiry is whether 'the government's questions are reasonably related' to the subjects covered by the defendant's testimony." (internal quotations and citation omitted)).

The scope of cross-examination is within the discretion of the trial court. Fed. R. Evid. 611(b). The defendant has no right to avoid cross-examination on matters that call into question her claim of innocence. United States v. Mehrmanesh, 682 F.2d 1303, 1310 (9th Cir. 1982); United States v. Miranda-Uriarte, 649 F.2d 1345, 1353-54 (9th Cir. 1981). The government, however, may introduce evidence should defendant "open the door."

The government does not seek to admit evidence concerning defendant's character in its case-in-chief. Should defendant testify, however, the government may use other-acts evidence to impeach defendant and/or attack her character for truthfulness.

**F.   The Defendant Should Be Precluded from Affirmatively Entering Any Evidence Not Produced**

The government made a request for reciprocal discovery to which it was entitled under Rules 16(b) and 26.2 of the Federal Rules of Criminal Procedure. To the extent defendant may attempt to introduce or use any evidence at trial that she has not produced to the government, such documents should be excluded pursuant to the Court's order. See Taylor v. Illinois, 484 U.S. 400, 415 (1988) (defendant's failure to comply with, or object to, government's discovery request before trial justified exclusion of unproduced evidence).

**G.   Affirmative Defenses**

Defendant has not given any notice of any intent to rely on any defense of entrapment, mental incapacity, alibi, or any other

affirmative defense, and provided late notice of intent to rely on self-defense.  Therefore, to the extent defendant may attempt to rely on such a defense, the government reserves the right to object and to move to preclude such a defense.

## VI. CONCLUSION

The government respectfully requests permission to file additional trial memoranda if necessary.

Dated: March 8, 2019                    Respectfully submitted,

                                        NICOLA T. HANNA
                                        United States Attorney

                                        LAWRENCE S. MIDDLETON
                                        Assistant United States Attorney
                                        Chief, Criminal Division


                                             /s/
                                        ---------------------------------
                                        MIRI SONG
                                        Assistant United States Attorney

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA